The opinion of the court was delivered by
Bermudez, C. J.
This is an action for the recovery of the amount of a license for the year 1889, under the provisions of a municipal ordinance, No. 3315, which levies it conformably to legislative authority. Act of 1886, Sec. 12, No. 101.
• The defence is that both the ordinance and the statute are unconstitutional and void, for the reason that the defendant is exempt from the payment of such license by the organic law.
*1099 He avers that by Article 206, which renders liable to such tax all persons who pursue any trade, profession, business or calling, those engaged in mechanical and other named pursuits are exempt.
Specifically, he contends that, as he is a photographer engaged in a mechanical pursuit, he is exempt from such license.
Two questions are to be considered:
1. Whether the words “ engaged in mechanical pursuits ” have the meaning which he places on them.
2. Whether the pursuit of the defendant comes within the constitutional purview.
I.
The object of the framers of the organic law was, primarily, to render liable to a license tax all persons, associations of persons, and corporations pursuing any trade, profession, business or calling; but they at once perceived that unless some restriction or qualification was provided for, many would be subjected to the burden who should not be so equitably, as being worthy of special encouragement and protection. Hence, they excepted from the operation of the clause: clerks, laborers, clergymen, school teachers, those engaged in mechanical, agricultural and mining pursuits, and a certain class of manufacturers.
Strictly, the language invoked means the following of an occupation by one who performs acts which are purely mechanical, that is, which could be done by a machine or a regulated physical agent of power.
The term mechanical is employed to indicate that the business, calling, or occupation in view must be one which can not be utilized, unless resort is had to the use of some machinery, or instrument of force, or application of power, in aid of manual work, in some physical undertaking, in which the intervention or interaction of a superior mind is not required; in other words, the expression means that the occupation must be one by which the object realized is not dependent for its confection on the exertion of a controlling intellect, but rather on the adaptation of some helping mechanism, or-use of some auxiliary tool or instrument.
On twp occasions this court was called upon to ascertain the constitutional purpose and meaning of those terms.
In N. O. vs. Bayley, 35 An. 545, it held that one who was a, plasterer and employed others of the same class was engaged in a me *1100 chanical pursuit, and declared him dispensed from the payment of a license.
In the quite recent case of Theobald vs. Connor, 42 An. —, the court said that the framers of the article intended to relieve from license those 'who are engaged from day to day in the performance of manual labor, and thus in mechanical pursuits.
The purpose in view seems clearly to have been to exonerate those who in the pursuit, mechanical to be, would exert more manual labor than intellectual labor, so that the occupation was to be one for the practice of which the efforts of the body, aided by some mechanical instrument, would be mainly called into activity, to be controlled by an ordinary intelligence only.
II.
In the instant case the defendant is a photographer, that is, a person who makes pictures by means of photography.
Photography is defined as “the science which relates to the action of the light on sensitive bodies, in the production of pictures by the fixation of images and the like.” Webster Unab. Diet.
It is also said to be “the art of producing images of objects by an application of chemical change produced in certain substances by the action of light or more generally by radiant energy.” The Century Dictionary.
A polite or liberal art is that in which the mind or imagination is chiefly concerned, as poetry, music and painting.
A useful or mechanical art is that in which the hands and body are more concerned than the brain.
A painter is defined to be one who represents the appearance of natural or other objects on a surface by means of colors.
There may, and surely there does, exist a marked and honorable 'difference between a painter and a photographer, though they both be artists, as more dexterity is required in the former than in the latter. Some painters enjoy a celebrity to which photographers can not aspire.
Certainly, in both, painters and photographers, the hand and the sense of sight are controlled by an unusual exertion of a superior intellect which, to direct and accomplish properly, must be distinguished and actuated by rare knowledge, ability aiid practice not found in or acquired by first comers.
*1101 The record contains an elaborate statement or scientific description of the various processes followed in the making of pictures by photography.
They may be or not correct, and they may not be the only ones; but as the statement or description was satisfactory to the parties, and was acted upon by the lower court, it may be taken as a proper exposition of the matter.
■ It covers more than two long pages, and might have been still more detailed.
It is impossible to read it and give the matter a moment’s reflection without remaining under the irresistible impression that quite exceptional knowledge and skill are required to understand the apparatus and the modus operandi, and to operate with it and its accessories.- It takes special aptitudes to understand all that has to be known regarding the camera, the lenses, the adjusting screws, the sensitized plates, the posing of the subject, the arrangement of the light, the adjustment of the camera, the insertion of the plate holder, the exposure of the plate, the reflection of the rays of light on the subject, the concentration of the lenses to a, focus on the plate, the chemical changes in the substance spread on the plate, the resulting image, the subsequent transfer of the plate to the dark, chamber, for developmentand fixation by chemical process.
It appears that after the development o'f the image the plate is left to dry, and a proof print is made and submitted for approval. It is next varnished and retouched with a metallic pencil to remove the hard lines, subdue the shadows and make the picture a pleasant one.
The printing is made on prepared and sensitized paper by exposing the plate in contact to the strong rays of the sun.
The photographer sensitizes the paper himself by placing the albuminized side in contact with a solution of nitrate of silver. Then the paper is dried and exposed in a close receptacle to the fumes of ammonia, and cut to the required size.
When the printing is completed, the printings are washed and chemically treated, so as to fix the printed image on them. The prints are next pasted on cards of the proper size and thicKness, and the picture is mounted!
It is afterward dried and lubricated with a mixture, and passed through the burnishing machine, consisting in a pair of heated iron *1102 rollers, which subject the picture to pressure, after which it is ready for delivery.
It is worthy of note that it is not pretended that all this is accomplished by the spontaneous action of the apparatus, for evidently the process can be and is actually gone through only by the agency of the photographer, who, to operate successfully, must necessarily be and prove himself a most intelligent artist, calling into activity not only his hands, senses and body, but also and chiefly, in order to control them, his scientific aptitude and superintending mind.
It strikes common sense that the defendant is not an automaton, but one who, practising a science or a liberal art, is a scientist or an artist, although of an inferior grade.
The science or art which he practises is not a useful or mechanical science or art, but, at least, a liberal or polite art — scientific to a quite considerable extent, the practice of which is made efficient and valuable only by knowledge and skill, as the result of some science, observation, combination and experimentation not readily acquired.
It is to be observed that the act of the Legislature taxes “photographers'” expressly. It must therefore be inferred that the General Assembly did not consider them as coming within the constitutional exception.
The acts of a Legislature are to be treated with great respect, as they emanate from a coordinate and powerful branch of government. They must be presumed to be constitutional, unless they be shown manifestly to have transgressed or violated the organic law. In this case the presumption, far from having been destroyed, has been established as well founded.
It may be added that it is universally settled that exemption laws, being in derogation of a general rule, must be strictly construed; that whoever claims shelter under them must prove himself clearly entitled to the immunity, and that in such cases doubt is fatal. Plausible hesitation warrants an adverse finding.
We therefore conclude that neither the ordinance nor the statute are violative of the Constitution, and that the defendant, not being engaged in a mechanical pursuit, is not entitled bo the exemption claimed.
It is therefore ordered and decreed that the judgment appealed from be reversed, and it is now ordered and decreed that the plain *1103 tiff, the City of New Orleans, recover of the defendant, Louis Robira, the amount of the license sued for, twenty-five ($25) dollars, with the interest claimed, and costs in both courts, with the lien allowed by law.